UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALLA NESTERENKO

                           Plaintiff,

                                                                   Docket No. 24-cv-659

vs.


CITY OF BUFFALO, et al,

                           Defendants.
_____


**STATE DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**


                                                                 LETITIA JAMES
                                                                 Attorney General of the
                                                                  State of New York
                                                                Attorney for the Defendants
                                                               JOEL J. TERRAGNOLI
                                                               Assistant Attorney General
                                                               of Counsel
                                                               350 Main Street, Suite 300A
                                                               Buffalo, NY 14202
                                                               Telephone:  (716) 853-8449
                                                               Joel.Terragnoli1@ag.ny.gov

**PRELIMINARY STATEMENT**

State Defendants[1] hereby oppose Plaintiff's motion seeking the appointment of *pro bono* counsel (ECF No. 21), which should be denied under the governing standard articulated by the Second Circuit in *Hodges v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

Under *Hodge*, the Court must first determine whether the plaintiff's position is likely of merit. As explained below, Plaintiff's claims are meritless and unlikely to succeed. The remaining *Hodge* factors also weigh against Plaintiff. Her claims are not factually or legally complex. Plaintiff has not shown she is unable to investigate the facts surrounding her claims, nor that conflicting evidence requiring extensive cross-examination will be the major proof presented to the fact finder. Nor has Plaintiff shown any other special reasons why the appointment of counsel would more likely lead to a just determination in this case. Therefore, Plaintiff's motion for the appointment of pro bono counsel should be denied.

**STANDARD OF REVIEW**

"District courts exercise substantial discretion in deciding whether to appoint counsel, subject to the principles [the Second Circuit] set forth in *Hodge* [ ]." *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court must "determine whether the indigent's position [is] likely to be of substance." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (quoting *Hodge*, 802 F.2d at 61); *see also Phelan v. Sullivan*, 2013 U.S. App. LEXIS 19147, at *8 (2d Cir. 2013) (affirming denial of motion for appointment of counsel because plaintiff "had not demonstrated that his claims were likely to succeed on the merits" and recognizing that motions should be reviewed for "likely merit" so courts do not appoint pro bono counsel for a meritless case that no lawyer would take were the plaintiff not indigent).

---

[1] Collectively, the Buffalo City Court and Buffalo City Court Judge Partick Carney.

This merit analysis is "a threshold matter." *Alvarez v. Wright*, 797 Fed. App'x 576, 578 (2d Cir. 2019). Thus, only *after* the Court has determined the complaint is likely of merit can it "consider the other factors appropriate to determination of whether counsel should be appointed: plaintiff's ability to obtain representation independently, and [her] ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Wiggins v. Vega*, 2013 U.S. Dist. LEXIS 150139, at *2 (S.D.N.Y. Oct. 17, 2013) (citing *Cooper,* 77 F.2d at 172).

The Second Circuit has also made clear that, "[f]or many reasons courts should not grant such applications indiscriminately. Volunteer lawyer time is a precious commodity. Courts are given a major role in its distribution. Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper,* 77 F.2d at 172.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS ARE UNLIKELY TO SUCCEED.

To warrant appointment of counsel, Plaintiff was required to make the threshold showing that her claims are of likely merit. *Cooper*, 877 F.2d at 172; *Hodge*, 802 F.2d at 61.

Plaintiff's motion does not make this mandatory showing. Substance wise, Plaintiff's motion merely asserts that her case "is noble and bonafide," and that she is looking "to get the justice that I deserved and damages for my suffering." ECF 44, at (1).

However styled, Plaintiff's claims for injunctive relief and damages against State Defendants are meritless and unlikely to succeed. In denying Plaintiff's motion for a temporary restraining order ("TRO"), the Court previously noted that it lacked subject matter jurisdiction to grant Plaintiff injunctive relief because of the Federal Anti-Injunction Act, the *Rooker-Feldman* doctrine, and the *Younger* abstention doctrine. ECF Nos. 14, 15.

2

To the extent Plaintiff seeks retroactive declaratory relief and/or damages as against State Defendants based on claims brought under 42 U.S.C. § 1983 for their roles in state proceedings concerning Plaintiff's eviction from her home, those claims are barred by the subject matter jurisdiction afforded to State Defendants by the Eleventh Amendment to the United States Constitution, and/or Judge Carney's absolute immunity from civil claims for damages arising from his acts as a judge in Buffalo City Court. *See* ECF No. 7, at Parts III-V. Therefore, the Court should deny Plaintiff's motion because her claims are not of substance/unlikely to succeed.

## II. **THE REMAINING *HODGE* FACTORS ALSO WEIGH AGAINST PLAINTIFF.**

If the Court finds Plaintiff's legal claims are likely of substance, it must then consider the secondary criteria set forth in *Hodge*, including: Plaintiff's ability to obtain representation independently, her ability to handle the case without assistance, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity. *Cooper,* 877 F.2d at 172. These factors confirm that appointment of counsel is not warranted at this time:

### A. **Plaintiff is capable of adequately representing herself.**

Without the assistance of counsel, Plaintiff has prepared a complaint and motion for a temporary restraining order (ECF Nos. 1, 3), filed and supplemented her motion to proceed *in forma pauperis* (ECF Nos. 2, 5, 12), which was granted (ECF No. 16), and submitted a reply in furtherance of her motion seeking a TRO (ECF No. 13).

Plaintiff's motion for the appointment of counsel and prior filings in this Court continue to demonstrate her understanding of motion practice and her ability to research and follow the appropriate laws and the procedures she needs to participate in this case. Thus, Plaintiff has shown herself capable of adequately representing himself and has not shown that she needs counsel to litigate this matter.

B. **Plaintiff's claims do not involve complex legal issues.**

The resolution of Plaintiff's claims will not turn on particularly complex issues of law that make it unfair for her to proceed in the absence of legal counsel. *Justice v. Kuhnapfel*, 2013 U.S. Dist. LEXIS 163928, * 7-8 (E.D.N.Y. 2013). In essence, Plaintiff's allegations can be summed up as follows: Plaintiff was wrongfully evicted from her home during a Buffalo City Court proceeding, and she is suing State Defendants for damages because of that.

Eleventh Amendment sovereign immunity and absolute judicial immunity are settled areas of law that are likely dispositive of Plaintiff's claims against State Defendants. Assuming those doctrines do not bar Plaintiff's claims outright, to the extent there are any factual questions, Plaintiff and Judge Carney would be available to testify concerning events that happened during that state court proceeding. Plaintiff also has access to other free legal resources that she could avail herself of should she so choose. *See, e.g.,* Western District of New York, Pro se Assistance Program, *available at* https://www.nywd.uscourts.gov/pro-se-assistance-program-0 (discussing *pro se* litigation resources, including options for remote consultations). It appears from Plaintiff's various court filings that she has likely already availed herself of those resources.

Therefore, it would not be unfair for Plaintiff to proceed in the absence of counsel.

C. **The Need for Cross Examination**

Plaintiff has not claimed she will need an attorney to depose and cross examine the State Defendants because of conflicting evidence. Thus, this factor does not favor the Plaintiff either.

D. **Plaintiff's Efforts to Obtain Counsel**

Plaintiff claimed that she has consulted with one private attorney (Paul Cambria), and that she does not have the financial ability to pay him. ECF No. 21. But Plaintiff has not provided any other evidence of her efforts to retain counsel, such as the number of other lawyers

she contacted, when they were contacted, what their response was, whether they would consider a contingency fee arrangement, etc. *See Hodge*, 802 F.2d at 61. Thus, to the Court finds this factor relevant, Plaintiff has not provided the Court with enough detail to substantiate her claims of being unable to obtain counsel on her own accord. *See Dumel v. Westchester Cnty.*, 2022 U.S. Dist. LEXIS 82604, at *6 (S.D.N.Y. May 6, 2022) (denying motion for appointment of counsel where, among other things, the plaintiff "fail[ed] to indicate what steps, if any, he has taken to obtain counsel on his own and the results of those efforts.").

E. **The Public Interest**

As the Second Circuit said in *Cooper,* "[t]he phrase *pro bono public* suggests meaningfully that distribution of this resource should be made with reference to public benefit." *Cooper,* 877 F.2d at 172. Providing legal assistance to claims which have no merit are unlikely to benefit the public. Thus, this factor also weighs against Plaintiff.

## CONCLUSION

Therefore, Plaintiff's application for counsel should be denied.

DATED:     August 14, 2024
           Buffalo, New York                    LETITIA JAMES
                                                Attorney General of the State of New York
                                                *Attorney for State Defendants*

                                   BY:     /s/ Joel J. Terragnoli
                                           JOEL J. TERRAGNOLI
                                           Assistant Attorney General of Counsel
                                           350 Main Street, Suite 300A
                                           Buffalo, NY 14202
                                           Telephone:  (716) 853-8449
                                           Joel.Terragnoli1@ag.ny.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALLA NESTERENKO

                Plaintiff,

                                                               **Docket No. 24-cv-659**

    vs.


CITY OF BUFFALO, et al,

                Defendants.
_____

## CERTIFICATE OF SERVICE

    I hereby certify that on August 14, 2024, I electronically filed the foregoing Memorandum of Law with the Clerk of the District using its CM/ECF system.

    And, I hereby certify that on or about August 14, 2024, I caused to be mailed a copy of the aforementioned papers, by the United States Postal Service, to the following non-CM/ECF participants:

ALLA NESTERENKO
703 Perry Street
Buffalo, New York 14210

LETITIA JAMES
Attorney General of the State of New York
*Attorney for State Defendants*

BY: /s/ *Joel J. Terragnoli*
Joel J. Terragnoli
Assistant Attorney General
  of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
(716) 853-8449
Joel.Terragnoli1@ag.ny.gov