UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————

ALLA NESTERENKO.,

        Plaintiff,

    v.

CITY OF BUFFALO,
ROBERT ROMAN, City Inspector,
BUFFALO CITY COURT,
PATRICK CARNEY, Judge of Buffalo
City Court,

        Defendants.

—————————————————————

24-CV-659 (JLS) (JJM)

## DECISION AND ORDER

*Pro se* Plaintiff Alla Nesterenko commenced this action on July 12, 2024, under 42 U.S.C. § 1983.  Dkt. 1.  Nesterenko alleges constitutional violations resulting from unauthorized entries by Buffalo City inspectors and a Buffalo City Court proceeding that resulted in an order to vacate her residence.  *Id.*  She also requested permission to proceed *in forma pauperis* ("IFP"), *see* Dkts. 2, 12, which this Court granted.[1]  Dkts. 14, 16.

Currently before the Court is United States Magistrate Judge Jeremiah J. McCarthy's Report and Recommendation ("R&R") (Dkt. 27) addressing the pending

———————————

[1] This Court provisionally granted the IFP motion in its July 16, 2024 order and requested that Nesterenko supplement her motion to provide information that was lacking from her original motion.  Dkt. 5 at 1-2.  Nesterenko filed that supplemental motion on August 5, 2024, Dkt. 12, and the Court granted it on August 8, 2024.  Dkts. 14, 16.

motions to dismiss.  For the reasons below, the Court agrees with Judge McCarthy's recommendations and grants the motions to dismiss, except for Nesterenko's Fourth Amendment claim against the City of Buffalo and Robert Roman ("City Defendants").

## BACKGROUND

### I.    NESTERENKO'S ALLEGATIONS

Nesterenko alleges the following two claims.  First, she alleges that on March 1, 2024, Robert Roman, a City of Buffalo inspector, filed a petition in Buffalo City Court "to have [Nesterenko] removed from [her] own house . . . for unfit living conditions." Dkt. 1 at 3-4.[2]  She further alleges that Roman "violated [her] constitutional rights by forcing himself and Buffalo Police Department Officer Lindsey Zgoda into [her] house" and "persecuting [her] repeatedly and threatening [her] to leave [her] house using intimidation tactics and force." *Id.* at 4.  These actions violated her Fourth and Fifth Amendment rights.  *Id.*

Second, Nesterenko alleges that on July 12, 2024, a hearing was held in Buffalo City Court wherein Buffalo City Court Judge Patrick Carney issued an order to vacate Nesterenko's home on August 12, 2024. *Id.*  This order is attached to the complaint.  *Id.* at 6-7.  Nesterenko alleges her Fourth and Fourteenth Amendment rights were violated because she was unable to present her case and speak.  *Id.* at 4.  She also alleges that she was "being forced out of [her] house based

---

[2] Page references are to the CM/ECF pagination.

on discrimination." *Id.* As to both claims, Nesterenko seeks injunctive relief, including a stay on the order to vacate. *Id.*

## II.   PROCEDURAL HISTORY

On the same date she commenced this case, Nesterenko filed a separate motion for a temporary restraining order ("TRO") asking this Court to issue a stay on the Buffalo City Court order requiring her to vacate her home. Dkt. 3. This Court provisionally granted Plaintiff's IFP motion and set a briefing schedule on the TRO motion. Dkt. 5; Dkt. 8; Dkt. 10; Dkt. 13. The Court ultimately heard oral argument on the TRO motion on August 8, 2024, and denied the motion for reasons stated on the record. Dkts. 14, 15. The Court then referred the case to United States Magistrate Jeremiah J. McCarthy for all pretrial matters, pursuant to 28 U.S.C. §§ 636(b)(1)(A)–(C). Dkt. 17.

As part of their response opposing the TRO motion, Defendants Buffalo City Court and Buffalo City Court Judge Patrick Carney ("State Defendants") moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on July 30, 2024. Dkt. 7. Specifically, the State Defendants argue that sovereign immunity bars any claims against Buffalo City Court, as an arm of the state, and against Carney in his official capacity. Dkt. 7-1 at 13-15. They also argue that the *Ex Parte Young* exception to sovereign immunity does not apply because Nesterenko has not alleged Carney is engaged in an ongoing violation of federal law. *Id.* at 15. Lastly, they argue that Carney is otherwise entitled to judicial immunity. *Id.* at 16-17.

The City Defendants also moved to dismiss under Fed. R. Civ. P. 12(b)(6) on August 8, 2024.  Dkt. 19.  The City Defendants argue that Nesterenko's Fourth Amendment claim must be dismissed because the interior search order was issued based on probable cause that a housing code violation had occurred.  Dkt. 19-1 at 14-17.  The City Defendants also argue for dismissal of Nesterenko's Fifth Amendment claim because Nesterenko was present at multiple hearing dates and therefore was provided with the opportunity to be heard in a meaningful way before the order to vacate was issued.  *Id.* at 17-19.  Lastly, the City Defendants argue that the order to vacate is not a violation of the Fifth Amendment's Takings Clause, and that Nesterenko has not submitted any facts suggesting discrimination on the basis of national origin.  *Id.* at 19-22.

Nesterenko filed a response to these motions on August 16, 2024, *see* Dkt. 24. Nesterenko also requested appointment of counsel, *see* Dkt. 21, which Judge McCarthy denied on August 22, 2024, *see* Dkt. 25.

## III.   THE R&R

On December 2, 2024, Judge McCarthy issued the R&R, which recommended granting the motions to dismiss except as to the City Defendants' motion to dismiss the Fourth Amendment violation alleged in Nesterenko's first claim.  *See generally* Dkt. 27.  As to that claim, Judge McCarthy determined that Nesterenko's allegation that, on March 1, 2024, Roman and others forced entry into her home and threatened her, prior to any Buffalo City Court orders regarding her property, sufficiently stated a cause of action for a Fourth Amendment violation.  *Id.* at 6-7.

4

Judge McCarthy declined to conclude otherwise based on Roman's affidavit because (1) the arguments supported by that affidavit were more appropriately considered at summary judgment, and (2) that affidavit concerns the March 28, 2024 order Judge Carney issued that allowed Roman to inspect the interior of Nesterenko's residence—which does not refute directly Nesterenko's allegation of a March 1, 2024 intrusion. *Id.* Judge McCarthy also was unpersuaded by the City Defendants' *Rooker-Feldman* or *Younger* abstention arguments, as the alleged injury of an unauthorized entry occurred months before the order to vacate, and there do not appear to be any ongoing proceedings in Buffalo City Court. *Id.* at 8-9.

The City Defendants timely objected to the R&R on December 19, 2024. Dkt. 28. The City Defendants argue that Nesterenko's *pro se* complaint does not include a specific statement that Roman entered her property on March 1, 2024. *Id.* at 3-4. The City Defendants also point to Nesterenko's own "affidavit" attached to the complaint, which alleges that Roman and others have been "oppressing" her since February 15, 2024—which, according to the City Defendants, is the date Roman entered the other side of the residence for an inspection after receiving consent from the lawful tenants of that unit. *Id.* at 4-6. The City Defendants argue that Nesterenko did not have a reasonable expectation of privacy in the portion of the property rented to and occupied by a tenant and, so, has not stated a Fourth Amendment claim. *Id.*

Nesterenko filed a motion on January 13, 2025, and a response to City Defendants' objection on January 17, 2025. Dkts. 31, 33. Both filings generally

argue that Defendants have violated her constitutional rights by preventing her from living in her home. *Id.* Nesterenko also describes events on November 15, 2024, when she was physically removed from the house, police officers boarded up her house, and her utility services were cut off. *See* Dkt. 31 at 1-2.[3]

The City Defendants filed a response, arguing that Nesterenko's objections are untimely and objecting to the Court's consideration of any new allegations and arguments in Nesterenko's objections. Dkt. 35.

**DISCUSSION**

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections, the parties' submissions, and the relevant record. Based on its review, the Court accepts and

---

[3] Nesterenko suggests this was done in retaliation for her case, since the inspectors were yelling, "She is suing us in federal court that is the reason why we decided to do this, get rid of her! She went to federal court." *Id.* at 2. She also alleges that Defendants intentionally excluded her from home repair programs. *Id.* at 4.

adopts Judge McCarthy's R&R, with the modification that the Court dismisses the claims against the State Defendants without prejudice.[4]

Considering the City Defendants' objection, this Court agrees that the complaint may be read as alleging an unlawful entry by Roman on March 1, 2024, that is separate from the later court-authorized entries and hearing on July 12, 2024.  *See* Dkt. 1 at 3-4.

This Court further agrees with Judge McCarthy that Roman's affidavit and related arguments challenging the factual circumstances of Nesterenko's first claim raise factual issues not suitable for resolution at the motion to dismiss stage.  *See* Dkt. 27 at 7; *see also United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106–07 (2d Cir. 2021) (finding that it is improper for a court to engage in fact finding on a motion to dismiss); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (at the motion to dismiss stage, the court accepts all the allegations in the complaint as true "even if doubtful in fact").  As Judge McCarthy recognized, the City

---

[4] Judge McCarthy recommends dismissal of the claims against the State Defendants with prejudice because it would be futile for Nesterenko to replead this claim.  Dkt. 27 at 6.  This Court agrees that it would be futile to amend these claims for the reasons Judge McCarthy identifies.  But a dismissal for lack of subject-matter jurisdiction must be without prejudice, as the Second Circuit (in a summary order) affirmed recently when it reversed a dismissal with prejudice based on sovereign immunity.  *See Karupaiyan v. New York*, No. 23-1257, 2024 WL 2174272, at *2 (2d Cir. May 15, 2024) ("[B]ecause the district court lacked jurisdiction over the claims against the State of New York, it was erroneous to dismiss those claims with prejudice rather than without prejudice."); *see, e.g., Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("When subject matter jurisdiction is lacking, the district court lacks the power to adjudicate the merits of the case, and accordingly Article III deprives federal courts of the power to dismiss the case with prejudice.") (internal quotation marks and citation omitted).

Defendants' arguments are more suited to a motion for summary judgment, aided by discovery, rather than a motion to dismiss. The Court therefore accepts and adopts Judge McCarthy's recommendation to deny that portion of the City Defendants' motion to dismiss.

As to the new allegations that Nesterenko raises in her submissions[5] at Dkts. 31 and 33, the Court agrees with the City Defendants and declines to consider these allegations as new claims at this juncture. *See, e.g.*, *Prestia v. Colvin*, No. 6:13-CV-01559 MAD, 2015 WL 1417738, at *3 (N.D.N.Y. Mar. 27, 2015) ("Rule 72(b)(2) does not provide that new claims may be raised in objections to a report and recommendation.") (internal quotation marks and citation omitted). If Nesterenko wishes to amend or supplement her complaint, she is free to file an amended complaint, if appropriate, or a related motion in accordance with Fed. R. Civ. P. 15.

## CONCLUSION

For the reasons stated above and in the R&R, the State Defendants' motion to dismiss (Dkt. 7) is GRANTED, and the claims against Buffalo City Court and Buffalo City Court Judge Patrick Carney are DISMISSED without prejudice but without leave to replead. The City Defendants' motion to dismiss (Dkt. 19) is GRANTED, except as to the Fourth Amendment violation identified in Nesterenko's first claim.

---

[5] Even if the Court viewed these submissions as timely objections to the R&R, they do not specifically identify a portion of the R&R that Nesterenko argues is incorrect.

The case is referred back to Judge McCarthy for further proceedings consistent with the referral orders in this case.  Dkt. 17.

SO ORDERED.

Dated:      May 14, 2025
            Buffalo, New York

                              _____
                              JOHN L. SINATRA, JR.
                              UNITED STATES DISTRICT JUDGE

9